## Aldine Trust Co. v. The Superior Handle Co.

*Promissory note—Holder in due course—Interpleader.*

In an action on a promissory note by a purchaser thereof and holder in due course against the maker, who gave the note to the payee for the price of lumber purchased from him, the title to which lumber is claimed by another party, the defendant should not be permitted to pay the money into court and have the plaintiff ordered to interplead with such claimant.

Rule for order to interplead. C. P. Lancaster Co., March T., 1922, No. 51.

*F. Lyman Windolph,* for defendant and rule.

*Bernard J. Myers* and *Charles F. DaCosta,* contra.

LANDIS, P. J., March 25, 1922.—On Dec. 23, 1921, the defendants, under the name of "The Superior Handle Co., by Harry R. Siegler," made a promissory note to the order of the Union Lumber Company for $319.34, payable at the Lancaster Trust Company sixty days after date. This note, before maturity, was endorsed by the Union Lumber Company, and sold and delivered to the plaintiff. At maturity it was presented to the defendants for payment, and as payment was refused, it was duly protested. Thereupon this suit was instituted for the recovery of the amount of it, with interest.

The defendants now allege that the note was a part of the purchase price of certain lumber purchased and received by them, but that the title to such
2 D. & C.

Aldine Trust Co. *v.* The Superior Handle Co.

lumber is now claimed by the Oneida Cedar and Lumber Company; that that company claims the money for which this action is brought, denies the plaintiff's right to the same, and threatens to bring suit against the defendants for it. They, therefore, ask that they be permitted to pay the money into court, and that the plaintiff be ordered to interplead with the Oneida Cedar and Lumber Company, to determine which one of these parties claimant is entitled to receive it.

Under what reasonable theory such an order can be made we fail to see. The defendants gave their note, and the plaintiff is the legal holder of it. They admit they owe the money. The plaintiff had no dealings with the Oneida Cedar and Lumber Company, and presumably knows nothing about the original transaction between that company and the defendants. The alleged controversy arises solely out of dealings between these two parties, in which the plaintiff was in no wise involved. The suggestion, therefore, that the defendants shall now be permitted to pay the money into court and that the plaintiff shall thus be compelled to fight their battle with the Oneida Cedar and Lumber Company, seems to us to be unique. If the defendants have two controversies on their hands, they are of their own making. As a matter of fact they have but one. They have given their promissory note, and, so far as we now see, it is in the hands of an innocent third party. They must, therefore, pay it, no matter what other claim is made against them. Their contest with the Oneida Cedar and Lumber Company is their only real controversy, and this they must meet in another way than that which they are now attempting.

The petition to order the plaintiff to interplead is refused and the rule discharged.

Petition refused and rule discharged.

From George Ross Eshleman, Lancaster, Pa.